**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:24-cr-0025 |
| ) | |
| **JULIO CESAR CONTRERAS BUENO,** ) | |
| **FRANCISCO MERANDEZ PENALOZA, AND** ) | |
| **CHRISTIAN GARAY OCHOA,** ) | |
| ) | |
| **Defendants.** | |

**ORDER**

  **BEFORE THE COURT** are Defendant Christian Garay Ochoa's ("Ochoa") Consent Motion to Continue the trial in this matter, ECF No. 34, and the Government's Motion to Continue Trial and Exclude Time Under the Speedy Trial Act (ECF No. 38). For the reasons stated herein, the Court will continue the trial in this matter until April 7, 2025. The Court finds that the time beginning from the date of this Order through April 7, 2025, shall be excluded in computing the time within which the trial in this matter must be initiated.

  On September 10, 2024, the Government filed a Criminal Complaint charging Julio Cesar Contreras Bueno ("Bueno"), Francisco Merandez Penaloza[1] ("Penaloza"), and Ochoa with possession of a controlled substance with intent to distribute while on board a vessel subject to the jurisdiction of the United States and conspiracy to possess with intent to distribute a controlled substance while on board of vessel subject to the jurisdiction of the United States, in violation of 48 U.S.C. §§ 70503(a)(1), 70506(a) and (b). On September 19, 2024, arrest warrants were executed for all Defendants in San Diego, California. On October 23, 2024, a grand jury Indictment charged Bueno, Penaloza, and Ochoa with Count One, Conspiracy to Possess with Intent to Distribute Cocaine On Board a Vessel Subject to the Jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(a) and (b), and Count Two, Possession with Intent to Distribute Cocaine On Board a Vessel Subject

---

[1] The Criminal Complaint and the Affidavit in Support of Criminal Complaint each name this Defendant as Francisco Mernandez Penaloza. However, the Indictment names this Defendant as Francisco Hernandez Penaloza.

*United States v. Bueno, et al.*
Case No. 3:24-cr-0025
Order
Page **2** of **4**

to the Jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1), 70506(a) and 18 U.S.C. § 2. On November 21, 2024, Bueno and Ochoa were arraigned. Penaloza has not yet appeared in this judicial district.

Ochoa seeks a 60-day continuance of the January 6, 2025 trial because he needs additional time to continue the plea negotiations with the Government. The Government seeks a 90-day continuance of the trial in this case because Penaloza "has been housed in a unit of MCC San Diego which is experiencing a public health concern" and, "although MCC San Diego has conveyed that the [tuberculosis] outbreak has been contained, Defendant Hernandez-Penaloza must still be transported to St. Thomas, have an initial appearance, and be provided counsel should a request be made." (ECF No. 38 at 3-4.) The Government contends that its essential witness, USCG Officer Fonseca is unavailable from January 21 through April 3, 2025, because he will be undergoing a 12-weel intensive course of instruction provided by Officer Candidate School where he had been accepted and he was one of the USCG members who boarded the vessel on which Defendants and the bales of cocaine were encountered. According to the Government, counsel for Ochoa does not object to the Government's motion and counsel "for Contreras Bueno defers to the Court." (*Id.* at 5.)

While the Speedy Trial Act (the "Act") requires that defendants be tried within seventy days of indictment, the Act specifically excludes:

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted," including "to permit plea negotiations to continue." *United States v. Fields*, 39 F.3d 439, 444-45 (3d Cir. 1994). The Act contemplates exclusion of time due to the unavailability of an essential witness. 18 U.S.C. § 3161 (h)(3)(A) (excluding from computing the time within which the trial must commence "[a]ny period of delay resulting from the absence or unavailability of . . . an essential witness").

The Court finds that the ends of justice served by extending the period in which the trial must begin in this matter outweigh the best interest of the public and the defendant in a speedy trial. Here, an extension of time is necessary to allow sufficient time for Ochoa to continue plea negotiations with the Government, to accommodate the availability of the Government's essential witness, and to permit reasonable time for Penaloza to be transported to and appear in this judicial district, to obtain counsel or have one appointed to him, and to prepare for trial. The premises considered, it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through April 10, 2025, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the Government's Motion to Continue Trial and Exclude Time Under the Speedy Trial Act, ECF No. 38, is **GRANTED**; it is further

**ORDERED** that Defendant Ochoa's Consent Motion to Continue, ECF No. 34, is **GRANTED**; it is further

**ORDERED** that the parties **SHALL** file their respective notices of readiness for trial no later than March 24, 2025; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than March 31, 2025, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; (e) proposed non-standard jury instructions related to the elements of the charges and defenses; and (f) whether there are any discovery issues outstanding; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than April 3, 2025;[2] and it is further

**ORDERED** that the Jury Selection and Trial in this matter previously scheduled for January 6, 2025, are **CONTINUED** to commence promptly at 9:00 A.M. on April 7, 2025, in St. Thomas Courtroom 1.

---

[2] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.

*United States v. Bueno, et al.*
Case No. 3:24-cr-0025
Order
Page **4** of **4**

**Dated:** December 27, 2024                               /s/ *Robert A. Molloy*
                                                                                 **ROBERT A. MOLLOY**
                                                                                 **Chief Judge**